

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. D. Dodgen
Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. 0-7457
Re: Authority of the Game,
Fish and Oyster Commis-
sion to refuse to issue
Non-Resident Commercial
Fisherman's License and
Non-Resident Commercial
Fishing Boat License to
a resident of the State
of Louisiana.

You have requested our opinion on certain questions arising under our non-resident commercial fishermen and fishing boats license law, being Acts 1939, 46 Leg., p. 238, as amended by Acts 1945, 49th Leg., p. 78, ch. 55, and codified as Article 934b-1, Vernon's Annotated Penal Code. The question you submit is as follows:

"Under Section 5 of the above mentioned Act, does the Game, Fish and Oyster Commission have authority to refuse to issue a Non-Resident Commercial Fisherman's License or a Non-resident Commercial Fishing Boat License to a resident of the State of Louisiana when application is made for either or both of such licenses and required fee offered in payment?"

This question calls for a comparison of the provisions of the above Act with the corresponding provisions of the Louisiana statutes, as shown by the newspaper copies of Acts 1946, Nos. 78 and 210, of the Louisiana Legislature, furnished to you by Hon. Isaac Chapman of the Louisiana Department of Wildlife and Fisheries, which copies we assume to be correct.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. H. D. Dodgen,  page 2

Our Article 934b-1 prohibits (Sec. 3) any non-resident commercial fisherman from taking or assisting in taking any fish or shrimp or oysters or any other edible aquatic life from the tidal salt waters of this State without first procuring a Non-Resident Commercial Fisherman's License, and prohibits (Sec. 4) the use of a non-resident commercial fishing boat for the same purposes, or any of them, without first procuring a Non-Resident Commercial Fishing Boat License. Sec. 5 of said Article provides:

"The Game, Fish and Oyster Commission of Texas, or its authorized agent or agents, shall have the right and authority to refuse to sell or grant any such Non-resident Commercial Fisherman's License or Non-resident Commercial Fishing Boat License to the residents of any State that may now or hereafter refuse to sell or grant equal privileges or licenses to the citizens of this State."

The cited acts of Louisiana, which relate to the taking of shrimp and oysters, contain substantially similar provisions. But an important difference between the regulations of the two states appears when we consider the territory in which each permits non-residents to engage in commercial fishing for shrimp and oysters.

Sec. 6 of our Article 934b-1 provides:

"The licensed commercial fishermen, resident or non-resident, may fish commercially in the coastal waters bounded on the east by a line drawn from the center of Sabine Pass, cutting across the East Sabine Jetty at a point two thousand (2,000) feet north of the present fishing pier known as the Jaycee Pier, and extending three (3) marine leagues into the Gulf of Mexico, following along the coast line of Texas to the present acknowledged boundary between the State of Texas and the Republic of Mexico."

Thus it is seen that in Texas a non-resident, when licensed, has the same privileges, as to the territory in which he may engage in commercial fishing, as the resident commercial fisherman. Not so in Louisiana,  Act No. 78 of 1946 (Sec. 4, amending Sec. 10 of Act No. 143 of 1942) restricts the shrimping operations of non-resident commercial fishermen, and non-resident commercial fishing

boats, to a relatively small area East of the Mississippi River, leaving the whole of the tidal waters from the Mississippi River West to the Texas border (an air-line distance of some 300 miles) as "restricted tidal waters of the State of Louisiana," in which only bona fide residents of Louisiana may fish for shrimp for commercial purposes. Act No. 210 of 1946 contains the same territorial restriction as to the taking of both shrimp and oysters by licensed non-resident commercial fishermen and fishing boats.

Thus the State of Louisiana refuses to sell or grant privileges or licenses to the citizens of this State equal to those granted to non-residents by the State of Texas under our Non-Resident Commercial Fisherman's and Non-Resident Commercial Fishing Boat Licenses.

It is therefore our opinion that the Game, Fish and Oyster Commission of Texas has the right and authority to refuse to issue either a Non-Resident Commercial Fisherman's License, or a Non-Resident Commercial Fishing Boat License, or both, to a resident of Louisiana when application is made therefor and the required fee offered in payment.

The clippings from the Baton Rouge State-Times, containing the cited Louisiana statutes, are returned herewith.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. R. Allen
W. R. Allen
Assistant

WRA:LJ
encls.



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN